1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNE M. MARS,

                   Plaintiff,

      v.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                 Defendant.

Case No. 3:15-cv-05196-RJB

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff Anne M. Mars seeks review of the denial of her application for supplemental

security income ('SSI') benefits. Plaintiff contends that the administrative law judge ('ALJ') erred

in evaluating the medical evidence, plaintiff's credibility, the lay witness testimony, plaintiff's

residual functional capacity ('RFC'), and plaintiff's ability to perform other jobs in the national

economy. Dkt. 16 at 1. As discussed below, the Court **REVERSES** the Commissioner's final

decision and **REMANDS** the matter for further administrative proceedings under sentence four

of 42 U.S.C. § 405(g).

## BACKGROUND

On January 11, 2012, plaintiff protectively filed an application for SSI benefits. Dkt. 12,

Administrative Record ('AR') 13. Plaintiff's amended alleged onset date was January 11, 2012. *Id.*

Plaintiff's applications were denied initially and on reconsideration. *Id.* After the ALJ conducted

1    a hearing on June 1, 2013, the ALJ issued a decision finding plaintiff not disabled. AR 10-29.

2                                    **THE ALJ'S DECISION**

3          Utilizing the five-step disability evaluation process,[1] the ALJ found:

4          **Step one:** Plaintiff has not engaged in substantial gainful activity since January 12, 2012.

5          **Step two:** Plaintiff has the following severe impairments: morbid obesity, right wrist
     cyst-DeQuervain's release, pain disorder, and learning disorder NOS.

6
7          **Step three:** These impairments do not meet or equal the requirements of a listed
     impairment.[2]

8          **Residual Functional Capacity:** Plaintiff can perform light work as defined in 20 CFR
     416.967(b) except she is limited to occasional postural movements and moves about at a
9    slow pace. She can perform simple repetitive work with superficial contact with the
     public. She cannot perform high-stress work. She needs close supervision by a supervisor
10   and hands-on training for workplace changes. She should have her own space of some
     kind. She should not be in charge of the safety of others. She would be absent four hours
11   a month for medical treatment and she would be off task 6% of the workday. She is
     limited to frequent handling and fingering with the right hand, and she should not make
12   any executive decisions.

13         **Step four:** Plaintiff has no past relevant work.

14         **Step five:** As there are jobs that exist in significant numbers in the national economy that
     plaintiff can perform, plaintiff is not disabled.

15   *See* AR 15-25. The Appeals Council denied plaintiff's request for review making the ALJ's
16   decision the Commissioner's final decision. AR 1-7.[3]

17

18                                      **DISCUSSION**

19         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

20   social security benefits if the ALJ's findings are based on legal error or not supported by

21   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

22   ──────────────────
[1] 20 C.F.R. § 416.920.
23   [2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
     [3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

1  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

2  **I.   Medical Evidence**

3  **a.   Dr. Irwin**

4  Plaintiff asserts that the ALJ erred in assessing the medical evidence in the record. *See*

5  Dkt. 16 at 2-8. Specifically, plaintiff argues that the ALJ erred by failing to give a specific and

6  legitimate reason supported by substantial evidence for rejecting part of the opinion of evaluating

7  physician Jennifer Irwin, M.D.[4] *See id.* at 3-4.

8  The ALJ is responsible for determining credibility and resolving ambiguities and

9  conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

10  Where the medical evidence in the record is not conclusive, "questions of credibility and

11  resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639,

12  642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc.*

13  *Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

14  In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must

15  be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by

16  setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating

17  his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically

18  flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific

19  and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th

---

20  [4] Plaintiff also argues that the assessed RFC allowing her to be off task 6% of the workday,
    allowing her to be absent four hours per month, and precluding her from high-stress work does

21  not fully account for Dr. Irwin's opinion that she was moderately impaired in her ability to handle
    stress and complete a normal workday without interruption from her condition. *See* Dkt. 16 at 3.

22  However, because Dr. Irwin did not specifically quantify what those limitations would mean
    during a normal workday, the ALJ did not err by making a reasonable inference. *See Turner v.*

23  *Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ's finding need only be
    consistent with doctor's assessed limitations, not identical to them).

Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). When a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

On May 16, 2012, Dr. Irwin performed a psychiatric consultative examination of plaintiff, which included a mental status examination ("MSE"), and provided a functional assessment. *See* AR 615-19. In the functional assessment, Dr. Irwin opined that, among other limitations, plaintiff's ability to accept instructions from supervisors was moderately impaired and her ability to perform work activities on a consistent basis without special or additional instruction was moderately to markedly impaired. *See* AR 618-19. The ALJ rejected these limitations only because they were inconsistent with plaintiff's "demonstrated abilities, which include caring for children with disabilities, teaching her son to talk, cooking, handling the money, and crocheting." *See* AR 23-24.

An ALJ may reject a physician's opined limitations on the basis that other evidence of the claimant's ability to function, including reported activities of daily living, contradicts those limitations. *See Morgan*, 169 F.3d at 601-02. However, that plaintiff manages household duties in her own home does not contradict Dr. Irwin's opinion that plaintiff has a limited ability to accept instructions or perform work activities without special instruction in a full-time workplace. A claimant need not be "utterly incapacitated" to be eligible for disability benefits, and "many home activities may not be easily transferable to a work environment." *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996); *see also Reddick*, 157 F.3d at 722 ("[D]isability claimants

should not be penalized for attempting to lead normal lives in the face of their limitations."). On the same function report that describes the activities cited by the ALJ as the reason for rejecting a limitation in plaintiff's ability to accept instructions from supervisors, plaintiff specifically reported that she does not follow spoken instructions well. *See* AR 187. Also, plaintiff reported that she needs help handling finances and that it takes her longer to prepare meals because of her pain. *See* AR 184, 186.

Moreover, Dr. Irwin was well aware of plaintiff's daily activities, including them in her report. *See* AR 617. If Dr. Irwin saw no contradiction between those activities and the limitations which she ultimately assessed, then the ALJ doing so is an improper substitution of the ALJ's lay opinion for that of a medical professional. *See Gonzalez Perez v. Sec'y of Health and Human Services*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for findings and opinion of physician); *McBrayer v. Sec'y of Health and Human Services*, 712 F.2d 795, 799 (2d Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion). Substantial evidence does not support the ALJ's rejection of these limitations opined by Dr. Irwin on the basis of plaintiff's reported activities. Therefore, the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence for discounting part of Dr. Irwin's opinion.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability

1  determination." *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th

2  Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts

3  must review cases "without regard to errors" that do not affect the parties' "substantial rights." *Id.* at

4  1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)

5  (codification of the harmless error rule)).

6       Had the ALJ fully credited the opinion of Dr. Irwin, the RFC would have included

7  additional limitations, as would the hypothetical questions posed to the vocational expert. As the

8  ALJ's ultimate determination regarding disability was based on the testimony of the vocational

9  expert on the basis of an improper hypothetical question, the error affected the ultimate disability

10  determination and is not harmless.

11          **b.  Other medical evidence**

12       Plaintiff also argues that the ALJ failed to properly evaluate the other medical evidence,

13  listing the findings of several physicians and other medical professionals but only arguing that

14  the ALJ erred by failing to accept and fully credit the evidence, which, "considered in its entirety,

15  supports [plaintiff's] testimony about her symptoms and limitations." *See* Dkt. 16 at 4-7. However,

16  plaintiff does not identify any specific errors in the various weights given by the ALJ to those

17  sources. Where an individual has not argued an issue with any specificity in the opening brief,

18  the Court does not need to address it. *See Carmickle*, 533 F.3d at 1161 n.2.

19       Likewise, plaintiff argues that the ALJ erred by giving significant weight to the opinion

20  of non-examining physician Will Nelp, M.D., because it was "apparent that Dr. Nelp failed to take

21  into account [plaintiff's] testimony about her symptoms and limitations." *See* Dkt. 16 at 7.

22

23

1    This argument lacks any specificity or support from the record and need not be addressed. *See*

2    *Carmickle*, 533 F.3d at 1161 n.2.

3            Plaintiff then argues that the ALJ erred by giving significant weight to the non-examining

4    state agency psychologists because they were inconsistent with Dr. Irwin's opinion. *See* Dkt. 8 at

5    7. However, where the medical evidence in the record is not conclusive, "questions of credibility

6    and resolution of conflicts" are solely the functions of the ALJ. *Sample*, 694 F.2d at 642. Plaintiff

7    also argues that the ALJ failed to include in the RFC the state agency psychologists' opinion that

8    plaintiff "might have some difficulty persisting through a normal workweek but [ ] was able to do

9    so." *See* Dkt. 8 at 7. However, this opinion offered no specific limitation, and the ALJ reasonably

10   accounted for plaintiff's psychological difficulties in the RFC. *See Turner*, 613 F.3d at 1223 (9th

11   Cir. 2010) (ALJ's finding need only be consistent with doctor's assessed limitations, not identical

12   to them). The ALJ did not err in evaluating the remainder of the medical evidence.

13   **II.      Plaintiff's credibility**

14           Plaintiff argues that the ALJ erred in assessing plaintiff's credibility. *See* Dkt. 16 at 8-14.

15   Questions of credibility are solely within the control of the ALJ. *See Sample*, 694 F.2d at 642.

16   The Court should not "second-guess" this credibility determination. *Allen v. Heckler*, 749 F.2d 577,

17   580 (9th Cir. 1984). To reject a claimant's subjective complaints, the ALJ must provide "specific,

18   cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify

19   what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see*

20   *also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the

21   claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and

22   convincing." *Lester*, 81 F.2d at 834. That some of the reasons for discrediting a claimant's

23   testimony should properly be discounted does not render the ALJ's determination invalid, as long

1    as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144,

2    1148 (9th Cir. 2001).

3           Here, the ALJ provided clear and convincing reasons supported by substantial evidence

4    for discounting plaintiff's credibility. An ALJ may reasonably reject a claimant's allegations of

5    debilitating pain if the claimant has an "extremely poor work history" and "has shown little

6    propensity to work in her lifetime." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). The

7    ALJ noted that plaintiff's only earnings from 1997 to 2012 consisted of $1,695 in 1997 and

8    $1,681 in 2002. *See* AR 22, 156. Additionally, an ALJ may discredit allegations of disability if

9    the evidence shows a claimant stopped working for reasons unrelated to her impairments. *See*

10   *Berry v. Astrue*, 622 F.3d 1228, 1235 (9th Cir. 2010). Here, the ALJ noted plaintiff's testimony

11   that she stopped performing volunteer work at a hospital largely because "it's hard to get away

12   when I have a house as full as I do that takes two parents to take care of." *See* AR 22, 43. When

13   asked the main reason she was unable to work, plaintiff responded that she needed to be

14   available to tend to her children's health needs. *See* AR 43-44. The ALJ reasonably discounted

15   plaintiff's credibility because "[i]t appears as though [she] chose not to work for family related

16   reasons rather than due to her allegedly disabling mental impairments." AR 22. Therefore, the

17   ALJ did not err in assessing plaintiff's credibility.

18          **III.    Lay witness testimony**

19          Plaintiff argues that the ALJ erred in evaluating the lay witness testimony in the record.

20   *See* Dkt. 8 at 14-15. Lay testimony regarding a claimant's symptoms "is competent evidence that

21   an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony

22   and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th

23   Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as

1    "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not

2    clearly link his determination to those reasons," and substantial evidence supports the ALJ's

3    decision. *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence."

4    *Sample*, 694 F.2d at 642.

5            Here, Richard Manning, plaintiff's boyfriend, testified that plaintiff was unable to stand

6    for long periods of time and had difficulty walking, lifting, squatting, bending, reaching,

7    kneeling, climbing stairs, and using her hands. *See* AR 159-66. The ALJ evaluated Manning's

8    statements and found "that they support that [plaintiff] has some limitations; however, [ ]

9    Manning's estimation of the degree of [plaintiff's] limitations are simply not consistent with

10   [plaintiff's] demonstrated abilities which include caring for a two year old, preparing meals, and

11   performing household chores." AR 24. This germane reason is supported by the record. *See* AR

12   46-47.

13           Plaintiff also argues that the ALJ erred by failing to mention the testimony of J. Sjoquist,

14   a Social Security employee, who wrote that plaintiff had to "shift around and stand and sit

15   regularly because of discomfort" and went on tangents in conversation. *See* Dkt. 8 at 14; AR 168.

16   However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of*

17   *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in

18   original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

19   This testimony was not significant probative evidence because it provided no specific, functional

20   limitations. *See Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (notations concerning a

21   claimant's pain, without any documentation of resulting limitations, do not constitute specific

22   findings that are useful in the disability determination). Also, the

23

1    statement reiterated plaintiff's subjective complaints, which were properly discredited, as

2    discussed above. Therefore, the ALJ did not err in evaluating the lay witness testimony.

3          **IV.      Residual functional capacity**

4          Plaintiff argues that the ALJ improperly assessed plaintiff's RFC. *See* Dkt. 16 at 15. As

5    discussed above, because the ALJ erred in evaluating the opinion of Dr. Irwin, the ALJ's RFC

6    assessment does not completely and accurately describe all of plaintiff's capabilities.

7    Accordingly, here too the ALJ erred.

8          **V.      Step five findings**

9          Plaintiff argues that the ALJ improperly found plaintiff able to perform other work

10   available in the national economy at step five. *See* Dkt. 16 at 16-17. Again, because the ALJ

11   erred in evaluating the medical evidence and thus in assessing plaintiff's RFC, the hypothetical

12   questions posed to the vocational expert at the hearing did not completely and accurately

13   describe all of plaintiff's capabilities. Therefore, the ALJ's step five determination is not supported

14   by substantial evidence and is in error.

15         The Court may remand this case "either for additional evidence and findings or to award

16   benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the

17   proper course, except in rare circumstances, is to remand to the agency for additional

18   investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations

19   omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is

20   unable to perform gainful employment in the national economy," that "remand for an immediate

21   award of benefits is appropriate." *Id.*

22         Benefits may be awarded where "the record has been fully developed" and "further

23   administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

1   *Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

2          (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
           claimant's] evidence, (2) there are no outstanding issues that must be resolved
3          before a determination of disability can be made, and (3) it is clear from the
           record that the ALJ would be required to find the claimant disabled were such
4          evidence credited.

5   *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

6   Here, issues still remain regarding plaintiff's ability to perform other jobs existing in significant

7   numbers in the national economy despite any additional assessed limitations. Accordingly,

8   remand for further consideration is warranted in this matter.

9                                         **CONCLUSION**

10         For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

11  case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

12  405(g).

13         DATED this 6th day of January, 2016.

14

15

16                                    ROBERT J. BRYAN
17                                    United States District Judge

18

19

20

21

22

23